United States District Court
Southern District of Texas
**ENTERED**
August 16, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM COLUMBUS HORHN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1513 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO SHOW CAUSE

William Columbus Horhn is a state inmate (TDCJ #01966975) incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), presently serving a 20-year sentence for fraudulent use or possession of identifying information in Harris County cause number 1383990.[1] A federal petition for a writ of habeas corpus to challenge that conviction is already pending in this district. *See Horhn v. Davis*, Civ. A. No. H-17-3576 (S.D. Tex. filed Nov. 17, 2017) (Hanen, J.).

On May 2, 2018, Horhn filed this second petition to challenge a conviction on

---

[1] *See* TDCJ Offender Search website, *available at* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=06874327 (last visited on August 15, 2018).

one count of credit card abuse for Harris County cause number 1383989, which he received at the same time as the conviction for fraudulent use or possession of identifying information in Harris County cause number 1383990. *See* Docket Entry No. 1. Although Horhn represents in his petition that he received a 20-year sentence for the credit card abuse charge in cause number 1383989, public records reflect that he was sentenced to 6-months imprisonment on that conviction, to be served concurrently with his 20-year sentence. *See Horhn v. Texas*, Nos. 01-14-00738-CR & 01-14-00739-CR, 481 S.W. 3d 363, 366 & n.1 (Tex. App.—Houston [1st Dist.] 2015, *pet. ref'd*, Apr. 27, 2016). Court records from the Texas Court of Criminal Appeals further reflect that the six-month sentence that Horhn challenges in this case has been fully discharged. *See Ex parte Horhn*, WR-87,462-01 at Action Taken Sheet (Tex. Crim. App. Oct. 18, 2017) (dismissing application without written order because the sentence has been discharged). Thus, it appears that the credit card abuse conviction Horhn challenges in this petition has been fully discharged.

Because it appears that Horhn challenges a conviction and sentence that has been discharged, he does not meet the "custody" requirement set forth in 28 U.S.C. § 2241(c)(3), and therefore, the Court lacks subject matter jurisdiction to consider his claims. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a petitioner is not "in custody" for purposes of the federal habeas statutes once his sentence is fully

expired). Unless a petitioner is in custody for the challenged conviction at the time his petition is filed, a district court does not have subject matter jurisdiction to entertain the action. *Id.* at 490-91. "If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3). Horhn is accordingly directed to show cause in writing within thirty days of the date of this order why the Court should not dismiss his petition challenging his conviction for credit card abuse for lack of jurisdiction. Horhn should title his response "Petitioner's Response to Show Cause Order."

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner must **SHOW CAUSE** in writing within thirty days why this case should not be dismissed for lack of subject matter jurisdiction.

2. The petitioner is advised that his failure to comply as instructed within the time allowed will result in a dismissal of his petition without prejudice for lack of jurisdiction.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Houston, Texas, on ___Aug. 16___, 2018.

                                              DAVID HITTNER
                              SENIOR UNITED STATES DISTRICT JUDGE